IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 01-828-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| | ) | |
| William C. Gamble, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on William C. Gamble's ("Gamble") pro se "Nunc Pro Tunc - Motion For Emergency Relief to Reopen Petitioner's Sentencing Hearing and Modification of Same Pursuant to 18, U.S.C. § 3582(c)(B) Federal Rules of Criminal Procedure." (Mot. 1.) Gamble is currently serving a sentence of 120 months at FCI-Edgefield for violating 21 U.S.C. §§ 841, 846.

In his motion, Gamble alleges that Randy Smith ("Smith"), an agent of the Drug Enforcement Agency ("DEA"), promised Gamble the Government would make a motion under Federal Rules of Criminal Procedure 35(b) to have Gamble's sentence reduced for Gamble's assistance in the investigation and arrest of other inmates trafficking methamphetamines in the Anderson City Jail. (Id. 3-4.)

Even if the court assumes that Smith promised Gamble that the Government would file a Rule 35(b) motion, Gamble is not entitled to relief or an evidentiary hearing on his motion. "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive [for not filing a Rule 35(b) motion]." Wade v.

1

United States, 504 U.S. 181, 186 (1992).  A defendant must make a "substantial threshold showing" of improper motive for not filing a Rule 35(b) motion to warrant an evidentiary hearing.  Id.  "[The Fourth Circuit] has followed the Supreme Court's lead and strictly interpreted the *Wade* exceptions, holding that the decision not to make a downward departure motion is properly within the government's discretion."  United States v. Butler, 272 F.3d 683, 686 (4th Cir.2001).  Thus, unless the movant makes a threshold showing that the Government's refusal to file a motion is based on an unconstitutional motive such as race or religious animus, or is not rationally related to a legitimate governmental end, the court is without authority to review the Government's discretionary decision not to file a Rule 35 motion.  See id.

Gamble has not alleged or made any showing as to why the Government has not filed a Rule 35(b) motion for his alleged assistance in prosecuting the drug activity at the Anderson City Jail.  Therefore, Gamble has failed to meet his burden of showing that the Government acted with an unconstitutional motive in not filing a Rule 35(b) motion for substantial assistance.

It is therefore

**ORDERED** that Gamble's motion is denied.

**IT IS SO ORDERED**.

                                           s/ Henry M. Herlong, Jr.
                                           United States District Judge

Greenville, South Carolina
February 7, 2006

## NOTICE OF RIGHT TO APPEAL

Movant is hereby notified of his right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.